**ROBERT L. HOWSE** )
)
v. ) NO. 3:18-cv-01148
)
**METROPOLITAN GOVERNMENT OF** )
**NASHVILLE & DAVIDSON COUNTY,** )
**TENNESSEE** )

# ORDER

In a thoughtful and thorough Report and Recommendation ("R&R"), Magistrate Judge Holmes recommends that the Metropolitan Government of Nashville and Davidson County's ("Metro") Motion for Summary Judgment (Doc. No. 56) be granted, and that Robert L. Howse's employment discrimination claims be dismissed. Having reviewed the entire file *de novo*, including Howse's filings in opposition to the Motion for Summary Judgment (Doc. No. 62-67), the Court accepts and approved the recommended dismissal as set forth in the 34-page R&R.

In accepting the R & R, the Court has considered Howse's "Response & Objections to Summary Judgment" (Doc. No. 76), which the court construes as objections under Fed. R. Civ. P. 72(b). None of those objections are well-taken.

Howse has lodged an objection to all but one of the categories in the R&R that are titled: "A. Timeliness and *Res Adjudicata* Defenses"; "B. Failure to Hire Claim"; "C. Adverse Employment Action Claim"; "D. Retaliation Claim"; "E. Hostile Work Environment Claim"; "F. Disability Discrimination Claim"; and "G. Metro Water Services Job Claim." Prior to discussing each of those claims, however, Magistrate Judge Holmes made an observation in the R & R with which this Court fully agrees:

[T]he proof that Plaintiff has offered in support of his allegations and claims consists

of only his own declaration and the statements that he includes in his response to Defendant's SUMF [Statement of Undisputed Facts.]. Plaintiff's declaration and statements, however, are either not sworn to under oath or affirmation or not submitted under the penalty of perjury in the form of a properly verified declaration. Unsworn statements of the type provided by Plaintiff cannot be considered as evidence rebutting a motion for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17 (1970); Harris v. J.B. Robinson Jewelers, 627 F.3d 235, 239 n.1 (6th Cir. 2010); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 968 ]69 (6th Cir. 1991).

(Doc. No. 74 at 10). Howse objections suffer from the same infirmities – they consist largely of conclusory statements and personal opinions. Regardless, the Court considers each objection.

Howse first objects "to any notion or ruling suggesting that [he] was not the victim of racial discrimination, harassment, retaliation, and hostile work environment." (Doc. No. 76 at 1). However, for each of these claims it was incumbent upon Howse to establish the existence of a genuine issue of material fact necessitating a trial. Howse did not do so.

Next, Howse objects to "Section (A)" because "more than enough of my case occurred within the appropriate time" and "[s]ome of the job applications are detailed to establish a pattern of behavior." (Id.). Tellingly, Magistrate Judge Holmes did not find all of Howse's claims untimely. Rather, she found only those claims for which a charge of discrimination was not filed within 300 days of the alleged unlawful employment practice to be untimely. This is a correct statement and application of the law. See, 42 U.S.C. § 2000e-5(e).

Howse objects to "Section (B)" because he "applied for over 70 position in MNPD," but "didn't say [he] put in for 180 transfers." (Id.). Even if true, Magistrate Judge Holmes can be forgiven for stating that Howse alleged "that he was denied 180 transfer requests." (Doc. No. 74 at 16). In his Complaint, Howse listed a number of his requests and concluded, "[t]his is just a sample size and does not include (180) transfer request," (Doc. No. 1 at 18), suggesting he made that many

requests. Regardless, whether it was 70 or 180 requests matters not a bit. As Magistrate Judge Holmes stated, Howse's obligation at the summary judgment stage was to "support his failure to hire claim with evidence of specific positions, promotion, or transfers that he was denied," and show that "he was qualified for each position," and that an individual "outside his protected status . . . was selected to fill the position." (Doc. No. 74 at 16). Again this is a correct statement and application of the law and, again, Howse did not do so.

Howse objects to "Section (C)" because "[i]t's the defendant's responsibility to prove the termination and discipline," and "[d]efendant has yet to prove the validity of their termination practices." (Doc. No. 76 at 1). However, in an employment discrimination case, the burden of production does not shift to the defendant unless, and until, a plaintiff establishes a *prima facia* case. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981) White v. Baxter Healthcare Corp., 533 F.3d 381, 391 (6th Cir. 2008). As Magistrate Judge Holmes correctly found, Howse did not show, let alone produce evidence to establish, that he was qualified for each position for which he applied and that someone who was similarly situated but outside the protected class received the position.

Howse objects to "Section (D)" because Captain Jason Starling's recommended suspension is "direct proof of retaliation." (Doc. No. 1 at 1). It is not. "Direct evidence is evidence, which if believed, does not require an inference to conclude that unlawful retaliation motivated an employer's action." Spengler v. Worthington Cylinders, 615 F.3d 481, 491 (6th Cir. 2010). An employee could be suspended for any of a number of non-retaliatory reasons, including (as in this case) disregarding direct orders, tardiness, and absenteeism.

Howse objects to "Section (F)" involving his disability claim. As the R & R made clear,

3

however, that claim was "only vaguely set out in [the] complaint" and his dispute with Metro about this claim is "somewhat unclear and he does not appear to dispute the underlying basic facts." (Doc. No. 74, 20, 31). His objection is no better:

> MNPD impeded my right to seek A.D.A. accommodations. Instead of allowing me the thirty days to get paperwork from my specialist that A.D.A coordinator recommended, MNPD forced me to a fit for duty evaluation. An employer shouldn't interfere with A.D.A request.

(Doc. No. 76 at 1). Regardless, his claim under the Americans With Disabilities Act ("ADA") fails because he has not submitted proof that (1) he had a medical condition (including his alleged respiratory problems) that substantially limited a major life activity; (2) Metro regarded him as disabled; and (3) he provided sufficient information to Metro so that it could verify his stated disability and the need for an accommodation. See Tchankpa v. Ascena Retail Grp., Inc., 951 F.3d 805, 811 (6th Cir. 2020) (identifying the "multi-part test to evaluate reasonable accommodation claims" used in the Sixth Circuit, and describing the interactive process used to determine whether reasonable accommodations exist).

Finally in his objections, Howse objects to "Section (G)" because "[i]t is not alleged" that he was offered a position with Metro Water Services, "[i]t is a fact that" he was offered the position. (Doc. No. 2). Actually, because the R&R was referencing the Complaint, Howse could only *allege* he was offered the position. The Complaint itself establishes no facts. Likewise, Howse's *allegation* that the offer to work there was"rescinded based on MNPD [Metro police department] circumstances" (Doc. No. 76 at 1) remains just an allegation because he offers no proof to support the assertion. In fact, and as stated in the R & R, "[n]early a year passed between the latest of [Howse's EEOC] charges and the recision of the Water Services job," which "undermin[es] any

4

inference of retaliation." (Doc. No. 74 at 33).

Howse has also filed a "Motion Requesting Documents" (Doc. No. 75) in which he asks that Metro be required to provide "a legal document stating that [it] has elected to continue this case," notwithstanding the change in leadership in Nashville over the past few years. Leaving aside that Metro in not likely inclined settle this case to Howse's satisfaction because the summary judgment record is completed and it has received a favorable R & R, Metro is not obliged to tell Howse how the powers-that-be feel about him personally, or his employability.

Accordingly, the Court rules as follows:

(1) The R & R (Doc. No. 74) is **ACCEPTED** and **APPROVED**, and Howse's Objections thereto (Doc. No. 76) are **OVERRULED**.

(2) Metro's Motion for Summary Judgment (Doc. No. 56) is **GRANTED**, and Howse's claims are hereby **DISMISSED WITH PREJUDICE**.

(3) Howse's Motion Requesting Documentation (Doc. No. 75) is **DENIED**.

The Clerk of the Court shall enter a final judgment and close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE